UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

JERRY BIRD,

        Petitioner,

v.

OREGON COMMISSION FOR THE BLIND,
an agency of the STATE OF OREGON; and
THE UNITED STATES DEPARTMENT OF
EDUCATION, REHABILITATION
SERVICES ADMINISTRATION,

        Respondents.

Case No. 3:18-CV-01856-YY

OPINION AND ORDER

YOU, Magistrate Judge:

    Respondent Oregon Commission for the Blind ("OCB") has filed a Motion for Entry of FRCP 54(b) Judgment and Stay of Proceedings Pending Appeal. ECF #32. The court finds this matter suitable for decision without oral argument pursuant to LR 7-1(d)(1). For the reasons discussed below, the motion is DENIED.[1]

---

[1] A Rule 54(b) motion is akin to a motion for stay. The Ninth Circuit has held that a motion for stay that does not dispose of claims or effectively deny the ultimate relief sought is non-dispositive, and therefore falls within magistrate judge jurisdiction under 28 USC § 636(b)(1)(A). *S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013).

1 – OPINION AND ORDER

## I. Legal Standard

Federal Rule of Civil Procedure 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

A determination whether to enter a final judgment pursuant to Rule 54(b) is "exclusively within the discretion of the district court." *Dannenberg v. Software Toolworks, Inc.*, 16 F.3d 1073, 1078 (9th Cir. 1994) (quoting *Ill. Tool Works, Inc. v. Brunsing*, 378 F.2d 234, 236 (9th Cir. 1967)). "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).

Before entering judgment pursuant to Rule 54(b), the court must have rendered a "final judgment," i.e., "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Wood v. GCC Bend*, 422 F.3d 873, 878 (9th Cir. 2005). The court then "determine[s] whether there is any just reason" to delay appeal. *Wood*, 422 F.3d at 878. In making this determination, the court considers the interests of sound judicial administration and the equities involved in the case. *Curtiss-Wright*, 446 U.S. at 8. The principle of sound judicial administration requires the court to consider "whether the claims under review [are] separable" legally and factually, and whether granting the Rule 54(b) request might result in multiple appellate decisions or duplicate proceedings on the same issues. *Id.* The court considers "juridical concerns," like avoiding "piecemeal appeals" in a case that "should be reviewed only

as [a] single unit[],” and “equitable factors such as prejudice and delay.” *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009) (quoting *Curtiss-Wright*, 446 U.S. at 10) (internal quotations omitted).

Rule 54(b) certification is generally disfavored. It “must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants.” *Morrison-Knudsen v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981). While “Rule 54(b) certification is proper if it will aid in 'expeditious decision' of the case,” *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991) (citation omitted), granting a Rule 54(b) motion is "not routine" and "should not become so." *Wood*, 422 F.3d at 879. “Therefore, the burden lies on the party moving for certification to show that their case's circumstances are unusual enough to merit departure from the court's general presumption against Rule 54(b).” *Birkes v. Tillamook Cty.*, No. 3:09-CV-1084-AC, 2012 WL 2178964, at *3 (D. Or. June 13, 2012) (citing *U.S. Fire Ins. Co. v. Williamsburg Nat'l Ins. Co.*, No. 1:07-CV-00718, 2009 WL 650578, at *2 (E.D. Cal. Mar. 12, 2009)).

## II. Discussion

OCB seeks a Rule 54(b) judgment of "this Court's June 1, 2019, order . . . dismissing with prejudice OCB's cross-petition for review alleging that sovereign immunity bars any award of retrospective money damages or attorney fees under the Randolph-Sheppard Act (RSA)." Mot. 2, ECF #32. Petitioner first argues that sovereign immunity is not a claim for relief but rather an affirmative defense to which Rule 54(b) does not apply. *Id.* at 7. Indeed, the language of Rule 54(b) specifically refers to "a claim for relief." While the Ninth Circuit has not decided this issue, as petitioner notes, other circuits have held that Rule 54(b) does not authorize judgment for an affirmative defense. *Id.* (citing *Flynn & Emrich Co. v. Greenwood*, 242 F.2d 737, 741 (4th Cir. 1957) ("[I]t is as well settled as anything can be that Rule 54(b) does not

authorize appeal from a judgment with respect to a mere affirmative defense."); *Libbey-Owens-Ford Glass Co. v. Sylvania Industrial Corp.*, 154 F.2d 814, 814–15 (2d Cir. 1946) (same); *Smith v. Benedict*, 279 F.2d 211, 213 (7th Cir. 1960) (same).

Even assuming arguendo that respondent could obtain a Rule 54(b) judgment on the issue of sovereign immunity, judicial administration and equitable considerations strongly favor denying its motion. OCB contends that granting the motion would promote judicial economy because if OCB prevails on appeal, it would obviate "the need to litigate the remaining claims at all." Mot. 5, ECF #32. OCB argues there is little to no risk of harm, and that "requiring the case to go forward could result in unnecessary litigation on petitioner's eight assignments of error, all of which contend in some form or another that the arbitration panel should have awarded petitioner more money." *Id.*

Petitioner, on the other hand, contends that OSB has foregone the right to raise this issue on appeal and its actions have otherwise been dilatory. Petitioner notes that "this Court in 2017 expressly considered and rejected OCB's sovereign immunity argument, issuing a final, appealable judgment on the matter in 2017," yet OCB failed to appeal that decision. Resp. 3, ECF #35. Petitioner asserts that by making this motion, OCB is attempting to repair an obvious error in its litigation strategy, and it actions "simply smack[] of naked obstructionism." *Id*. at 5.

As previously noted, a Rule 54(b) judgment should be avoided "unless the pressing needs of the litigants outweigh the potential for multiple, duplicate appeals." *Birkes*, 2012 WL 2178964, at *3. Here, there is no pressing need to send this matter to the Ninth Circuit for adjudication. The procedural posture of this case is no different than the vast majority of cases before this court. Judicial economy will not be advanced by bifurcating the litigation of this case; however, the prejudice to petitioner, whose case has been pending "after five plus years

total of litigation" (Resp. 5, ECF #35), would be great.  While "Rule 54(b) certification is proper if it will aid in 'expeditious decision' of the case," given the stage of this litigation, the most expeditious manner of resolving this case is to proceed with the resolution of the remaining issues.  *See Texaco*, 939 F.2d at 797.  In sum, this is not the type of "unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants."  *Id.*

## ORDER

Respondent's Motion for Entry of FRCP 54(b) Judgment and Stay of Proceedings Pending Appeal (ECF #32) is DENIED.

DATED  September 3, 2019.

                                                                  /s/ Youlee Yim You
                                                               Youlee Yim You
                                                               United States Magistrate Judge